JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant Marvin French appeals the trial court's judgment convicting him, following a jury trial, of aggravated murder in violation of R.C. 2903.01(B), murder in violation of R.C. 2903.02(B), two counts of robbery in violation of R.C. 2911.02(A)(1) and (A)(2), and the accompanying firearm specifications for each crime. The trial court ultimately imposed prison terms totaling 54 years to life. In his timely appeal, French now brings forth three assignments of error.
In his first assignment of error, French argues that his convictions for the aggravated murder of Alberto St. Clair Hamilton and the murder of Jermico Clifford were against the manifest weight of the evidence. In his second assignment, French maintains that his robbery convictions were also against the manifest weight of the evidence. Because these assignments raise identical issues-inconsistencies in the testimony presented by the state-we discuss them together.
Upon reviewing the record, we are mindful that, in either a civil or a criminal case, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact.[1] Here, the record reveals that the state presented evidence that if believed by the jury, established that French had intended to rob Hamilton of marijuana. During the robbery, French shot and killed Hamilton and Clifford, his friend who was accompanying French on his visit to Hamilton, with a handgun. French's fingerprints were found on a car in the garage where the victims were murdered. Before fleeing from the scene, French pulled down each victim's pants and emptied their pockets.
A witness, Joseph Strickland, drove French to Hamilton's auto-repair garage and testified that he saw French shoot Hamilton. George Heflin, a garage employee, testified that he saw French fire his gun at Clifford while Clifford and Hamilton were engaged in a scuffle. Heflin further testified that he saw French run out of the garage carrying bags.
French maintains that the testimony of Heflin and Strickland was inconsistent with the accounts that they had given to the police after the murders. For example, French asserts that Strickland originally told the police that he had driven to the auto-repair garage to buy new tire rims and that he had seen French with a gun, but that it was at his side. French also points out that although Heflin testified that French was the shooter, he had not mentioned French by name when giving his statement to the police.
Upon a careful review of the record, we hold that the slight inconsistencies noted by French in the testimony of the state's witnesses does not demonstrate that the jury lost its way and created a manifest miscarriage of justice so as to require a new trial.[2] A reasonable juror could have believed that both Strickland and Heflin did not tell the police everything they knew at first because of a common reluctance amoung witnesses to drug-related crimes to get involved. Further, evidence presented at trial revealed that French had fled to Georgia after the shootings and that he had attempted to change his name before being caught by police. This could reasonably have been considered to reflect his culpability.
The first and second assignments of error are overruled.
In his third and final assignment of error, French contends that the trial court erred by imposing sentences under R.C. 2929.14(D)(1)(a)(i) on all the firearm specifications that accompanied each of his convictions. The state concedes that this was error.
R.C. 2929.14(D)(1)(b) provides, in part, that a sentencing court "shall not impose more than one prison term on an offender under division (D)(1)(a) for felonies committed as part of the same act or transaction." Under the facts of this case, the trial court should have merged the sentences for the firearm-specification convictions. Accordingly, French's convictions for the accompanying firearm specifications to the murder and robbery charges are hereby merged with the three-year sentence that the trial court imposed on the firearm specification to the aggravated-murder count.
The third assignment of error is sustained, and the judgment of the trial court is affirmed as modified.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] State v. DeHass (1967), 10 Ohio St. 2d 230, 227 N.E. 2d 212, paragraph one of the syllabus.
[2] See State v. Thompkins, 79 Ohio St.3d 380, 390, 1997-Ohio-52,678 N.E.2d 541.